United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    TYRONE PUMPHREY,

8                    Plaintiff,

9            v.

10   CONTRA COSTA COUNTY,

11                   Defendant.

Case No.  20-cv-08474-JSC

**ORDER RE: MOTION FOR LEAVE TO AMEND**

Re: Dkt. Nos. 50, 51

12

13          Before the Court is Plaintiff's motion for leave to amend his civil rights complaint against

14   Contra Costa County.[1]  (Dkt. No. 50.)[2]  After carefully considering the parties' briefing, the Court

15   concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the

16   motion.  Plaintiff has not shown good cause for his late motion for leave to amend.  The further

17   case management conference scheduled for November 10, 2021 is CONTINUED to January 20,

18   2022.

19                                          **BACKGROUND**

20          This case arises from events of June 8, 2019, when Plaintiff alleges he was arrested and

21   beaten by Pittsburg police officers, taken to Martinez Jail, and beaten by County deputies there.

22   (Dkt. No. 1.)  Plaintiff filed suit against seven named officers and 25 Doe officers of the City of

23   Pittsburg, 25 Doe deputies of Contra Costa County, and the County.  (*Id.*)  His claims against the

24   Pittsburg Defendants were later dismissed.  (Dkt. No. 47.)  Plaintiff's remaining claim, as against

25

26

27   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c).  (Dkt. Nos. 9, 21, 38.)
28   [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    Contra Costa County and its Doe deputies, is for excessive force in violation of his Fourteenth

2    Amendment rights as a pretrial detainee.  (Dkt. No. 1 at 1, 11.)

3          By pretrial order, the Court set a "deadline to move to amend pleadings" of September 2,

4    2021.  (Dkt. No. 44 at 1.)  On October 4, 2021, Plaintiff moved for leave to amend, seeking to

5    name Deputy Brandon Battles and to "allow for further amendment for the sole purpose to name

6    other Contra Costa County Deputies in place of DOE defendants when the identities of these

7    individuals are discovered."  (Dkt. No. 50 at 1.)

8                                              **DISCUSSION**

9    **I.      Rules 15 and 16**

10         As an initial matter, Plaintiff argues that Rule 15 governs the motion, while Defendant

11   maintains that Rule 16 governs.  "[A] party seeking to amend [a] pleading after [the] date

12   specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b),

13   then, if 'good cause' be shown, the party must demonstrate that amendment was proper under

14   Rule 15[.]" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citation

15   omitted); *see In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir.

16   2013).

17         The scheduling order set a "deadline to move to amend" that indisputably had passed when

18   Plaintiff filed the instant motion.  (Dkt. No. 44.)  Plaintiff argues, however, that the scheduling

19   order did not set a deadline to name Doe Defendants.  This argument suggests a distinction

20   between naming Doe Defendants and amending the complaint, but Plaintiff does not support that

21   distinction with legal authority.  In the absence of authority to the contrary, common sense dictates

22   that naming Doe Defendants constitutes an amendment: it joins new parties and thereby changes

23   the terms of Plaintiff's case.  Accordingly, Plaintiff must meet Rule 16's standard to modify the

24   scheduling order, followed by Rule 15's standard to amend the complaint.  *E.g.*, *Dixon v.*

25   *Cushman & Wakefield W., Inc.*, No. 18-cv-05813-JSC, 2020 WL 5993232, at *2 (N.D. Cal. Oct. 9,

26   2020).

27         **A.      Rule 16(b)**

28         Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause" for

2

1    doing so.  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the

2    diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry

3    should end."  *Johnson*, 975 F.2d at 609.  Although the Court may consider prejudice to the

4    opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking

5    modification."  *Id.*

6            Plaintiff has not been diligent in moving to amend to add Deputy Battles as a defendant.  A

7    few days after the incident, Plaintiff filed a citizen complaint.  In connection with that complaint,

8    on June 13, 2019 he gave a recorded interview; the transcript of the interview identifies Deputy

9    Battles.  (Dkt. No. 51-6.)  Plaintiff filed this action in December 2020 and Contra Costa appeared

10   in May 2021.  (Dkt. No. 37.)  On May 17, 2021, Contra Costa served its initial disclosures

11   identifying Deputy Battles as a witness who "will testify about the events of June 8, 2019, as they

12   pertain to Tyrone Pumphrey."  (Dkt. No. 52-1.)  Following a case management conference the

13   Court issued a pretrial order setting the September 2, 2021 deadline for moving to amend

14   pleadings.  (Dkt. No. 44.)  Yet Plaintiff took no steps to add Deputy Battles as a defendant or take

15   any discovery of Contra Costa regarding the identity of the Doe Defendants until after the deadline

16   for moving to amend had passed.  (Dkt. No. 50-4.)  Indeed, as of the filing of the November 5,

17   2021 case management conference statement, he had not even served his own initial disclosures.

18   (Dkt. No. 54 at 4. )  Such conduct is not diligence.

19            Plaintiff argues he has nonetheless shown good cause for amendment because while

20   Contra Costa's initial disclosure identified Deputy Battles as a potential witness likely to have

21   discoverable information, it did not describe his involvement in the incident.  Rule 26 requires a

22   party to identify "each individual likely to have discoverable information—along with the subjects

23   of that information."  Fed. R. Civ. P. 26(a)(1)(A)(i).  The subject of his information is what

24   happened to Plaintiff on June 8, 2019, and since Deputy Battles is a Contra Costa Sherriff's

25   Deputy, the disclosure put Plaintiff on notice that Deputy Battles had information regarding what

26   happened to Plaintiff at the jail.  Rule 26 did not require Contra Costa to describe his involvement

27   in the incident.  Diligence required Plaintiff to follow up with discovery or even informally ask

28   Contra Costa about Deputy Battles' involvement before the deadline to move to amend.  The

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   record does not show that Plaintiff did either.

2        Plaintiff also urges that counsel was diligent in reviewing the disclosure and, while counsel

3   was dealing with personal medical issues, he met with Plaintiff many times to try to recollect

4   details of the traumatic incident.  However, Plaintiff attests that he was later unable to recall the

5   information provided in the citizen complaint process due to the trauma of the incident.  (*See* Dkt.

6   No. 53-1.)  Even if Plaintiff could not recall the information in the citizen complaint, he does not

7   attest that he did not recall making the complaint and being interviewed and thus that he could

8   have sought those materials in discovery.  And, even if he could not recall those events, he still

9   could have served discovery on Contra Costa.  He inexplicably failed to do so until after the

10  deadline for amendment.  Plaintiff's delay in seeking to identify the Doe Defendants "is not

11  compatible with a finding of diligence."  *Johnson*, 975 F.2d at 609; *see Manriquez v. City of

12  Phoenix*, 654 F. App'x 350, 351 (9th Cir. 2016), *aff'g* No. CV–11–1981–PHX–SMM, 2014 WL

13  1319297, at *10 (D. Ariz. Mar. 31, 2014) ("[The officer's] potential involvement . . . was evident

14  from deposition testimony elicited in March 2012.  Instead of seeking modification of the

15  scheduling order at that time, Plaintiffs waited until June 29, 2012, approximately three months

16  later, to file a motion to amend the Complaint.  Plaintiffs failed to exercise reasonable diligence . .

17  . .").

18       Because Plaintiff has not met the Rule 16(b) requirement, a Rule 15 analysis is not

19  necessary.  *See Johnson*, 975 F.2d at 608–09.

20  **II.    Administrative Motion to File Under Seal**

21       Also pending before the Court is Defendant's administrative motion to file under seal,

22  which is unopposed.  (Dkt. No. 51.)  Defendant seeks to file under seal (1) Plaintiff's June 13,

23  2019 written complaint to the County Sheriff's Office and (2) the audio and transcript of

24  Plaintiff's June 13, 2019 interview with the Office.  (Dkt. Nos. 51-4, 51-6.)

25       "Reference to a stipulation or protective order that allows a party to designate certain

26  documents as confidential is not sufficient to establish that a document, or portions thereof, are

27  sealable."  N.D. Cal. Civ. L.R. 79-5(c).  Nevertheless, Mr. Battles's privacy interest in the

28  documents and the related personnel investigation is good cause for sealing.  *See Bickley v.*

4

*Schneider Nat., Inc.*, 2011 WL 1344195, at \*2 (N.D. Cal. Apr. 8, 2011) ("Federal courts expressly recognize a constitutionally-based right of privacy that can be raised in response to discovery. An employee's personnel records and employment information are protected by the constitutional right to privacy." (citation omitted)); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (applying "good cause" standard to motions to seal documents attached to non-dispositive motions).

"A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." N.D. Cal. Civ. L.R. 79-5(a). Defendant's request does not meet this burden. Plaintiff's written complaint does not identify any officers. The interview transcript identifies officers in only a few instances. Therefore, Defendant's motion is GRANTED only in part; the interview audio may be filed under seal, and the officer names in the interview transcript at Docket No. 51-6 at 5:54, 5:55, 18:634, 18:645, may be filed under seal. The motion is DENIED as to Docket No. 51-4 and all other portions of Docket No. 51-6.

## CONCLUSION

Plaintiff's motion for leave to amend is DENIED. Plaintiff shall provide Contra Costa with his initial disclosures on or before November 18, 2021. The case management conference scheduled for November 10, 2021 is CONTINUED to January 20, 2022 at 1:30 p.m.

This Order disposes of Docket Nos. 50, 51.

**IT IS SO ORDERED.**

Dated: November 9, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

*United States District Court*
*Northern District of California*

5